UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

DAYBREAK YOUTH SERVICES, individually and on behalf of its former and current patients;

Plaintiff,

v.

CHUCK ATKINS, in his official capacity as Clark County Sheriff, MIKE COOKE, in his official capacity as Clark County Undersheriff, and CHRISTOPHER LUQUE, in his official capacity as Clark County Sheriff's Office Sergeant, ADAM BECK, in his official capacity as Clark County Sheriff's Office Detective, and BRENT WADDELL, in his official capacity as Clark County Sheriff's Office Sergeant,

Defendants.

NO.

**DECLARATION OF MICHAEL TROTTER IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**

I, MICHAEL TROTTER, hereby declare as follows:

1. My name is Michael Trotter. I am over the age of 18 and am otherwise competent to be a witness in this proceeding. I make this declaration based upon my personal knowledge except as otherwise set forth. I am the Risk Manager for Daybreak Youth Services ("Daybreak") and formerly held the title of Vice President of Compliance. I make this declaration in support of Plaintiff Daybreak Youth Services' Motion for Temporary Restraining Order.

2. On or about August 22, 2018, the receptionist for Daybreak's Brush Prairie,

GARVEY SCHUBERT BARER, P.C.
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

Washington facility asked me to go to an office in the front of the building. When I arrived I saw a uniformed Clark County Sheriff's deputy already in the room. I now understand the deputy's name is Yaroslav Pavlenko. Deputy Pavlenko asked for copies of documents and videos of an incident allegedly involving three Daybreak residents. The residents were minors who had voluntarily sought treatment for their substance abuse and mental health disorders in Daybreak's Residential Treatment program in Brush Prairie.

3. Daybreak's Brush Prairie facility has a network of security cameras covering bedrooms, common areas, hallways and other spaces used by staff and our clients. Only very private areas, such as the toilets and shower rooms, do not have security cameras. Staff are directed to continuously monitor the video system to maintain security in various parts of the building. The video images are maintained, typically for around three days, so that staff and supervisors can review them if necessary. Because the video images will capture the images of Daybreak residents, I regard the contents to be protected by the requirements of the 42 CFR Part 2 regulations.

4. In response to Deputy Pavlenko's request, I informed him that Daybreak's legal counsel had advised Daybreak could not release videos or other documents without an appropriate court order. Deputy Pavlenko appeared visibly frustrated by my statement, but said nothing and simply walked out of the room, presumably to leave the facility.

5. On August 22, 2018, Daybreak's attorney Brad Anderson wrote to the Chuck Atkins, the Clark County Sheriff, and Tony Golik, the Clark County Prosecutor, to express the organization's surprise to learn it was under criminal investigation by the Sheriff's Office and disappointment that the Sheriff's had declined to meet "to discuss protocols for Daybreak's staff to be able to work with the Sherriff on….issues.". I attached as **Exhibit A** a true and correct copy of that letter.

6. On September 11, 2018, I was working in my office at Daybreak's Brush Prairie facility when the CCSO executed six search warrants. Attached as **Exhibit B** are true and

GARVEY SCHUBERT BARER, P.C.
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

correct copies of the six Search Warrants executed on Daybreak Youth Services that day. Each of the affidavits[1] underlying these warrants noted that a triggering event for the request for issuance of search warrants was my telling Deputy Pavlenko that Daybreak's legal counsel had advised Daybreak it could not release the information he requested without an appropriate court order. I include an excerpt of the relevant section of the search warrant affidavit here:

> On August 22, 2018 Deputy Pavlenko contacted Daybreak Youth Services Vice President of Compliance regarding a separate sexual assault case. During that contact Deputy Pavlenko was informed that he would not be provided any information without a warrant.
>
> The following context describes that contact and was authored by Deputy Pavlenko under Clark County Sheriff's Office case number 18007747-1;
>
> *After concluding my interview with [redacted] I requested a copy of the video surveillance and incident report that Michael Trotter offered last time I was there. I was told by his assistant they changed their mind about their offer and that without a subpoena or warrant, they would not be releasing those to me anymore. I was connected to Michael Trotter via phone and I asked him what changed. Trotter said he was advised by company legal counsel not to release the video and he didn't want to lose his job by doing so.*
>
> End of context. Although this investigation is not related to the incident within this affidavit, it has been presented to show the requirements being set forth by Daybreak Youth Services to obtain investigative information.

7. When the warrants were executed on September 11, a dozen or more Clark County Sheriff's Office ("CCSO") deputies descended upon the building, parking their squad cars and a large military styled truck outside in a show of force. The CCSO deputies, led by Undersheriff Mike Cooke, demanded that Daybreak staff, including myself, go to the board room and stay there, under several deputies' guard. I felt, as did others, I was not free to go. I was told that I could not go anywhere, not even to the bathroom, without a deputy escorting me. The atmosphere made me feel like I was being treated like a criminal. I believe while we were in the conference room under armed guard, other CCSO deputies were seizing paper

[1] Due to the extremely sensitive nature of the contents of the Affidavits, including numerous personal identifiers, the actual Affidavits are not attached, but properly redacted copies will be made available to the Court for *in camera* review if the Court desires.

GARVEY SCHUBERT BARER, P.C.
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

documents, computer files, thumb-drives and computers, including information stored in my office.

8. From the conference room I could see a deputy was positioned by the exit gate to Daybreak's parking lot. That person was instructing staff that they could not leave the premises.

9. At some point I asked the CCSO deputies that were detaining me and my co-workers if I was free to leave. Upon being told I could several deputies, including Undersheriff Cooke, escorted me out to the parking lot where my personal car was parked. Before they would let me leave the deputies asked if I had any other Daybreak property in my vehicle. I told them a laptop was in my car, but I did not feel comfortable giving that to them because it contained confidential client information and they did not have a warrant to search my vehicle. Undersheriff Cook forcefully told me to hand over the laptop now or they would obtain a warrant to search it. With three or four deputies surrounding me and my car, I felt I had no choice but to comply, and reluctantly opened my vehicle and handed them my laptop. I was then allowed to leave the premises.

10. Attached as **Exhibit C** is a true and correct copy of the Clark County Sheriff's Office Evidence Log listing evidence seized from Daybreak Youth Services on September 11, 2018. The materials seized from Daybreak includes patient records, communications between Daybreak's minor clients and Daybreak counselors and other protected information.

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 4th day of June 2019 and signed at Brush Prairie, Washington.

MICHAEL TROTTER

GARVEY SCHUBERT BARER, P.C.
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

**CERTIFICATE OF SERVICE**

I, Patricia Shillington, certify under penalty of perjury under the laws of the State of Washington that, on June 7, 2019, I caused to be served on the person(s) listed below the foregoing Declaration of Michael Trotter in Support of Plaintiff Daybreak Youth Services' Motion for Temporary Restraining Order .

| | | |
|---|---|---|
| Emily Sheldrick<br>Leslie Lopez<br>Clark County Prosecuting Attorney's Office<br>Civil Division<br>P.O. Box 5000<br>Vancouver, WA 98666<br>Emily.sheldrick@clark.wa.gov<br>Leslie.lopez@clark.wa.gov | ☒<br>☐<br>☐<br>☐<br>☒ | United States Mail, First Class<br>By Legal Messenger<br>By Facsimile<br>By Federal Express<br>By Email |

DATED this 7th day of June, 2019.

Patricia Shillington

GSB:10324559.2

DECLARATION OF MICHAEL TROTTER IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER - 5

GARVEY SCHUBERT BARER, P.C.
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

# EXHIBIT A



LANDERHOLM
Legal advisors. Trusted advocates.

Bradley W. Andersen
805 Broadway Street
Suite 1000
PO Box 1086
Vancouver, WA 98666

T: (360) 816-2548
T: (503) 283-3393
F: (369) 816-2549
E: brad.andersen@landerholm.com

**VIA EMAIL and U.S. REGULAR MAIL**

August 22, 2018

Chuck Atkins, Clark County Sheriff
707 W. 13th Street
Vancouver, WA 98666
sheriff@clark.wa.gov

Tony Golik, Clark County Prosecutor
1013 Franklin Street
Vancouver, WA 98660
Tony.Golik@clark.wa.gov

Re: Daybreak Youth Services

Dear Sheriff Atkins and Mr. Golik:

Please be advised that we serve as general counsel for the Daybreak Youth Facility in Brush Prairie.

Sheriff Atkins just advised our Board's president that Daybreak was under criminal investigation. However, Sheriff Atkins declined to reveal anything more than this (i.e. the scope or nature of the investigation). This came as quite a shock to our client.

Our client was also disappointed to hear that the Sheriff would not meet with Daybreak to discuss protocols for Daybreak's staff to be able to work with the Sheriff on future juvenile issues. Daybreak has a long and good history of working with local law enforcement agencies in providing services to at risk youth.

Daybreak is committed to cooperating with the County to address any concerns. However, the specter of being under a criminal investigation is of great concern.

Daybreak has instructed its staff to fully cooperate with any investigation but please contact me before contacting any of Daybreak's managers, officers or directors if in fact they are

///

///

///

Letter to Sheriff Atkins & Prosecutor Tony Golik
Re: Daybreak Youth Services
August 22, 2018
Page 2

the subject or target of any criminal investigation.

Sincerely,

BRADLEY W. ANDERSEN
Attorney at Law

BWA:kam

cc:     Clients (via email only)

# EXHIBIT B

**STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF CLARK**

STATE OF WASHINGTON,
Plaintiff

V.

[redacted]
&
Michael S. Trotter [redacted]
&
Cecilia E. Hubert [redacted]
&
Angela R. Ball [redacted]
&
Annette Arlene Klinefelter [redacted]

Defendant

# SEARCH WARRANT

The people of the State of Washington, to any Sheriff, Police Officer, or Peace Officer in Clark County: Proof by written affidavit, under oath, made in conformity with the State of Washington Criminal Rules for Courts of Limited Jurisdiction, rule 2.3, having been made to me this day by Clark County Sheriff's Office Sergeant Christopher Luque, that there is probable cause for the issuance of a search warrant on the grounds set forth in the State of Washington Criminal Rules for Courts of Limited Jurisdiction, rule 2.3, Section (c).

You are therefore commanded, with the necessary and proper assistance, to make a diligent search, good cause having been shown therefore, of the following described property, within 10 days of the issuance of this warrant:

Evidence of the crime of RCW 9A.44.100.2A, Indecent Liberties and RCW 26.44.030, Duty and Authority to Notify to wit;

***SEARCH WARRANT EXECUTION: DATE:*** 09-11-18 ***HOUR:*** 0903 ***BY:*** Luque 4504

**STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF CLARK**

LOCATION/ PERSON TO BE SEARCHED:

1. **11910 NE 154th Street, Vancouver, Clark County, State of Washington:** Further described as a one story, commercial establishment identified as "Daybreak Youth Services", light blue in color, with the main entrance door constructed of glass and facing west. The building is constructed with a metal roof, stone accents on the facade, and is marked with the number "11910" in black numbers on the southwest corner. The search is to include are parts therein of the offices and private rooms used by employees of the facility;

FOR THE FOLLOWING PROPERTY/EVIDENCE:

1. **Electronic equipment, such as computers, computer software,** central processing unit (CPU), internal and peripheral storage devices (such as fixed disks, external hard disks, floppy disk drives and diskettes, tape drives and tapes, zip drives, optical storage devices, video cameras, digital cameras, cell phones, and any other digital memory storage devices), and the contents therein, as well as any devices, mechanisms, or parts that can be used to restrict access to computer hardware (such as physical keys and locks), which may be used to store the following items of evidence;

2. **Records showing the intake, and discharge dates of the involved parties**, specifically [redacted] [redacted] and [redacted]

3. **Records, documents, scheduling information, payroll ledgers**; whether electronic or physical showing the on duty staff or other witnesses, who were present during the occurrence or reporting thereof the involved incident on or about the month of December 2017;

4. **Documentation confirming the complete name, date of birth, address** and phone number for [redacted]

***SEARCH WARRANT EXECUTION: DATE:*** 09-11-18 ***HOUR:*** 0900 ***BY:*** Lugia 4564

STATE OF WASHINGTON
IN AND FOR THE COUNTY OF CLARK

5. **Internal memos, emails, investigations, and any other documents** whether in electronic or physical form, pertaining to the sexual crime committed against [redacted] on or about the month of December 2017. Specifically, but not limited to emails or other forms of communication pertaining to this incident or the knowledge thereof by any staff members or officers of Daybreak Youth Services;

6. **Any and all client records, shift notes, and incident reports as stored or entered into "CareLogic" or other reporting system used** pertaining to, naming, or anyway involving [redacted] [redacted] or the combination thereof. These documents to include the complete un-redacted case file with any and all notes, treatments, medical records, meetings, and staff contact involving the aforementioned parties;

7. **Disciplinary records for the suspect,** [redacted] during her residency at Daybreak Youth Services;

8. **Criminal History as provided to Daybreak Youth Services** by any outside agency or other private party pertaining to [redacted] during her admittance to or residency of Daybreak Youth Services;

9. **Documentation, to include policies, procedures, common practice,** and/or training pertaining to the mandatory reporting of incidents to include assaults, sexual assaults, and harassment for youth and other residents of the Daybreak Youth Services facility;

10. **Computer-related documentation that explains or illustrates how to configure or use** the computer hardware, software, or other related items/devices. The documentation consists of written, recorded, printed, or electronically stored material;

11. **Computer-related passwords and other data security devices** designed to restrict access to or hide computer software, documentation, or data. Data security may consist of hardware, software or other programming code;

12. **Digital data and surveillance video that may be kept on any computer related storage device as listed in '1' above.** The specific data will be (or will contain or incorporate) digital video and/or image files depicting evidence of the sexual assault incident involving [redacted] [redacted] any digital data related to the RCW 9A.44.100.2A, Indecent Liberties, and any digital "user attribution" evidence to include, but not limited to, registry information, configuration files, user

***SEARCH WARRANT EXECUTION: DATE:*** 09-11-18 ***HOUR:*** 0900 ***BY:*** Luqu 4504

**STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF CLARK**

profiles, user logins (and the data associated with the foregoing, such as file creation and last accessed dates) that may be evidence of who used, viewed or controlled the computer or storage medium at a relevant time;

13. **Locked containers,** including, but not limited to safes, briefcases, file cabinets and other types of locked boxes; which may be used for containing any of the listed items detailed herein;

14. **Photographs,** of the scene, including still photos, negatives, digital images, digital video, video tapes, slides, films, undeveloped film, and the contents therein, in particular, photographs of evidence collected, victims, witnesses, suspects, and co-conspirators;

**AND TO SEIZE THEM IF FOUND** and bring them forthwith before the Court according to law.

This Search Warrant was issued this 7th day of September, 2018, at 10:25 am/pm.

By the Honorable [signature]
Judge of the District Court
County of Clark
State of Washington

***SEARCH WARRANT EXECUTION: DATE:*** 09-11-18 ***HOUR:*** 0900 ***BY:*** [signature] 4504

STATE OF WASHINGTON
IN AND FOR THE COUNTY OF CLARK

| | | |
|---|---|---|
| STATE OF WASHINGTON,<br>Plaintiff<br><br>V.<br><br>John Doe # 1<br>&<br>John Doe # 2<br>&<br>Michael S. Trotter [redacted]<br>&<br>Cecilia E. Hubert [redacted]<br>&<br>Angela R. Ball [redacted]<br>&<br>Annette Arlene Klinefelter [redacted]<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | SEARCH WARRANT |

The people of the State of Washington, to any Sheriff, Police Officer, or Peace Officer in Clark County: Proof by written affidavit, under oath, made in conformity with the State of Washington Criminal Rules for Courts of Limited Jurisdiction, rule 2.3, having been made to me this day by Clark County Sheriff's Office Sergeant Christopher Luque, that there is probable cause for the issuance of a search warrant on the grounds set forth in the State of Washington Criminal Rules for Courts of Limited Jurisdiction, rule 2.3, Section (c).

You are therefore commanded, with the necessary and proper assistance, to make a diligent search, good cause having been shown therefore, of the following described property, within 10 days of the issuance of this warrant:

Evidence of the crime of RCW 9A.44.050, Rape in the Second Degree and RCW 26.44.030, Duty and Authority to Notify to wit;

***SEARCH WARRANT EXECUTION: DATE:*** 09-11-18 ***HOUR:*** 0900 ***BY:*** [signature] 4509

**STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF CLARK**

LOCATION/ PERSON TO BE SEARCHED:

1. **11910 NE 154th Street, Vancouver, Clark County, State of Washington:** Further described as a one story, commercial establishment identified as "Daybreak Youth Services", light blue in color, with the main entrance door constructed of glass and facing west. The building is constructed with a metal roof, stone accents on the facade, and is marked with the number "11910" in black numbers on the southwest corner. The search is to include are parts therein of the offices and private rooms used by employees of the facility;

FOR THE FOLLOWING PROPERTY/EVIDENCE:

1. **Electronic equipment, such as computers, computer software,** central processing unit (CPU), internal and peripheral storage devices (such as fixed disks, external hard disks, floppy disk drives and diskettes, tape drives and tapes, zip drives, optical storage devices, video cameras, digital cameras, cell phones, and any other digital memory storage devices), and the contents therein, as well as any devices, mechanisms, or parts that can be used to restrict access to computer hardware (such as physical keys and locks), which may be used to store the following items of evidence;

2. **Records showing the intake, and discharge dates of the involved parties**, specifically ██████ ████████████████████ and the unidentified suspect(s). It is the intent of the Affiant to obtain these records after positively identifying the suspect(s) through the service of this warrant;

3. **Documentation confirming the complete name, date of birth, address** and phone number for ████████████ and the unidentified suspect(s) once positively identified;

4. **Records, documents, scheduling information, payroll ledgers**; whether electronic or physical showing the on duty staff or other witnesses, who were present during the occurrence or reporting thereof the involved incident on or about May 5, 2018;

***SEARCH WARRANT EXECUTION: DATE:*** 09-11-18 ***HOUR:*** 0903 ***BY:*** [signature]

STATE OF WASHINGTON
IN AND FOR THE COUNTY OF CLARK

5. **Disciplinary records for any staff of Daybreak Youth Services** as a result of the failure to act, report or otherwise prevent this incident. Specifically including, but not limited to the employee files, employee records, or other stored documents of any employee who received corrective action, termination or other corrective counseling, which would contribute evidence in the crime of RCW 26.44.030, Duty and Authority to Notify;

6. **Internal memos, emails, investigations, and any other documents** whether in electronic or physical form, pertaining to the sexual crime committed against [redacted] by two unidentified suspects on or about the date of May 5, 2018. Specifically, but not limited to any emails or other items of documentation confirming the knowledge of this incident by any staff members or officers of Daybreak Youth Services;

7. **Any and all client records, shift notes, and incident reports as stored or entered into "CareLogic" or other reporting system used** pertaining to, naming, or anyway involving [redacted] John Doe #1, John Doe #2, or the combination thereof. These documents to include the complete un-redacted case file with any and all notes, medical records treatments, meetings, and staff contact involving the aforementioned parties. It is the intent of the Affiant to obtain these records after positively identifying the suspect(s) through the service of this warrant;

8. **Records showing the identity of co-conspirators in the crime of** RCW 9A.44.050, Rape in the Second Degree, including but not limited to, emails, handwritten notes, journals, electronic recording media, and the like in relation this investigation;

9. **Disciplinary records for the suspects, John Doe #1, and John Doe #2** during his residency at Daybreak Youth Services. It is the intent of the Affiant to obtain these records after positively identifying the suspect(s) through the service of this warrant;

10. **Documentation, to include policies, procedures, common practice**, and/or training pertaining to the mandatory reporting of incidents to include assaults, sexual assaults, and harassment for youth and other residents of the Daybreak Youth Services facility;

11. **Computer-related documentation that explains or illustrates how to configure or** use the computer hardware, software, or other related items/devices. The documentation consists of written, recorded, printed, or electronically stored material;

***SEARCH WARRANT EXECUTION: DATE:*** 09-11-18 ***HOUR:*** 0900 ***BY:*** [signature] 4504

**STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF CLARK**

12. **Computer-related passwords and other data security devices** designed to restrict access to or hide computer software, documentation, or data. Data security may consist of hardware, software or other programming code;

13. **Digital data and surveillance video that may be kept on any computer related storage device as listed in '1' above.** The specific data will be (or will contain or incorporate) digital video and/or image files depicting evidence of the sexual assault incident involving [redacted] on or about the date of May 5, 2018, any digital data related to the RCW 9A.44.050, Rape in the Second Degree, and any digital "user attribution" evidence to include, but not limited to, registry information, configuration files, user profiles, user logins (and the data associated with the foregoing, such as file creation and last accessed dates) that may be evidence of who used, viewed or controlled the computer or storage medium at a relevant time;

14. **Locked containers,** including, but not limited to safes, briefcases, file cabinets and other types of locked boxes; which may be used for containing any of the listed items detailed herein;

15. **Photographs,** of the scene, including still photos, negatives, digital images, digital video, video tapes, slides, films, undeveloped film, and the contents therein, in particular, photographs of evidence collected, victims, witnesses, suspects, and co-conspirators;

AND TO SEIZE THEM IF FOUND and bring them forthwith before the Court according to law.

This Search Warrant was issued this ______day of _____________, 20____, at ________am/pm.

By the Honorable ___________________________

Judge of the District Court

County of Clark

State of Washington

***SEARCH WARRANT EXECUTION: DATE:*** 09-11-18 ***HOUR:*** 0910 ***BY:*** Lyle 4504

**STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF CLARK**

| | | |
|---|---|---|
| STATE OF WASHINGTON,<br>Plaintiff<br><br>V.<br><br>[redacted]<br>&<br>Michael S. Trotter [redacted]<br>&<br>Cecilia E. Hubert [redacted]<br>&<br>Angela R. Ball [redacted]<br>&<br>Annette Arlene Klinefelter [redacted]<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | SEARCH WARRANT |

The people of the State of Washington, to any Sheriff, Police Officer, or Peace Officer in Clark County: Proof by written affidavit, under oath, made in conformity with the State of Washington Criminal Rules for Courts of Limited Jurisdiction, rule 2.3, having been made to me this day by Clark County Sheriff's Office Sergeant Christopher Luque, that there is probable cause for the issuance of a search warrant on the grounds set forth in the State of Washington Criminal Rules for Courts of Limited Jurisdiction, rule 2.3, Section (c).

You are therefore commanded, with the necessary and proper assistance, to make a diligent search, good cause having been shown therefore, of the following described property, within 10 days of the issuance of this warrant:

Evidence of the crime of RCW 9A.44.100, Sexual misconduct with a minor in the second degree, and RCW 26.44.030, Duty and authority to notify to wit;

***SEARCH WARRANT EXECUTION: DATE:*** 09-11-18 ***HOUR:*** 0900 ***BY:*** [signature] 4504

**STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF CLARK**

LOCATION/ PERSON TO BE SEARCHED:

1. **11910 NE 154th Street, Vancouver, Clark County, State of Washington:** Further described as a one story, commercial establishment identified as "Daybreak Youth Services", light blue in color, with the main entrance door constructed of glass and facing west. The building is constructed with a metal roof, stone accents on the facade, and is marked with the number "11910" in black numbers on the southwest corner. The search is to include are parts therein of the offices and private rooms used by employees of the facility;

FOR THE FOLLOWING PROPERTY/EVIDENCE:

1. **Electronic equipment, such as computers, computer software,** central processing unit (CPU), internal and peripheral storage devices (such as fixed disks, external hard disks, floppy disk drives and diskettes, tape drives and tapes, zip drives, optical storage devices, video cameras, digital cameras, cell phones, and any other digital memory storage devices), and the contents therein, as well as any devices, mechanisms, or parts that can be used to restrict access to computer hardware (such as physical keys and locks), which may be used to store the following items of evidence;

2. **Records showing the intake, and discharge dates of the involved parties**, specifically [redacted] [redacted]

3. **Documentation confirming the complete name, date of birth, address** and phone number for [redacted]

4. **Records, documents, scheduling information, payroll ledgers;** whether electronic or physical showing the on duty staff or other witnesses, who were present during the occurrence or reporting thereof the involved incident on or about the date of January 1, 2018;

***SEARCH WARRANT EXECUTION: DATE:*** 01-11-18 ***HOUR:*** 0930 ***BY:*** Luya 4504

**STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF CLARK**

5. **Any and all employee files, documents, investigations, or otherwise stored data for or naming** [redacted]. Including but not limited to; the complete and un-redacted case file with any and all notes, discipline, termination documents, or other counseling received by [redacted] during employment;

6. **Disciplinary records and investigations for any staff of Daybreak Youth Services** as a result of the failure to act, report or otherwise prevent this incident. Specifically including, but not limited to the employee files, employee records, or other stored documents of any employee who received corrective action, termination or other corrective counseling, which would contribute evidence in the crime of RCW 26.44.030, Duty and Authority to Notify;

7. **Internal memos, emails, and any other documents** whether in electronic or physical form, pertaining to the sexual crime committed against [redacted] by Daybreak Youth Services employee [redacted] Specifically, but not limited to any emails or other items of documentation confirming the knowledge of this incident by any staff members or officers of Daybreak Youth Services;

8. **Any and all client records, shift notes, and incident reports as stored or entered into "CareLogic" or other reporting system used** and pertaining to, naming, or anyway involving [redacted] These documents to include the complete un-redacted case file with any and all notes, medical records, treatments, meetings, and staff contact involving the aforementioned party;

9. **Documentation, to include policies, procedures, common practice**, and/or training pertaining to the mandatory reporting of incidents to include assaults, sexual assaults, and harassment for youth and other residents of the Daybreak Youth Services facility;

10. **Computer-related documentation that explains or illustrates how to configure or use** the computer hardware, software, or other related items/devices. The documentation consists of written, recorded, printed, or electronically stored material;

11. **Computer-related passwords and other data security devices** designed to restrict access to or hide computer software, documentation, or data. Data security may consist of hardware, software or other programming code;

***SEARCH WARRANT EXECUTION: DATE:*** 07-11-18 ***HOUR:*** 0900 ***BY:*** [signature] 4504

**STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF CLARK**

12. **Digital data and surveillance video that may be kept on any computer related storage device as listed in '1' above.** The specific data will be (or will contain or incorporate) digital video and/or image files depicting evidence of the sexual assault incident involving [redacted] and Daybreak Youth Services Employee [redacted] on or about the date of January 1, 2018, any digital data related to the RCW 9A.44.100, Sexual misconduct with a minor in the second degree, and any digital "user attribution" evidence to include, but not limited to, registry information, configuration files, user profiles, user logins (and the data associated with the foregoing, such as file creation and last accessed dates) that may be evidence of who used, viewed or controlled the computer or storage medium at a relevant time;

13. **Locked containers,** including, but not limited to safes, briefcases, file cabinets and other types of locked boxes; which may be used for containing any of the listed items detailed herein;

14. **Photographs,** of the scene, including still photos, negatives, digital images, digital video, video tapes, slides, films, undeveloped film, and the contents therein, in particular, photographs of evidence collected, victims, witnesses, suspects, and co-conspirators;

**AND TO SEIZE THEM IF FOUND** and bring them forthwith before the Court according to law.

This Search Warrant was issued this 7th day of September, 2018, at 10:21 am/pm. SLL

By the Honorable [signature]

Judge of the District Court

County of Clark

State of Washington

***SEARCH WARRANT EXECUTION: DATE:*** 09-11-18 ***HOUR:*** ______ ***BY:*** [signature] 4504

**STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF CLARK**

STATE OF WASHINGTON,
Plaintiff

V.

[redacted]
&
[redacted]
&
[redacted]
&
Michael S. Trotter [redacted]
&
Cecilia E. Hubert [redacted]
&
Angela R. Ball [redacted]
&
Annette Arlene Klinefelter [redacted]

Defendant

# SEARCH WARRANT

The people of the State of Washington, to any Sheriff, Police Officer, or Peace Officer in Clark County: Proof by written affidavit, under oath, made in conformity with the State of Washington Criminal Rules for Courts of Limited Jurisdiction, rule 2.3, having been made to me this day by Clark County Sheriff's Office Sergeant Christopher Luque, that there is probable cause for the issuance of a search warrant on the grounds set forth in the State of Washington Criminal Rules for Courts of Limited Jurisdiction, rule 2.3, Section (c).

You are therefore commanded, with the necessary and proper assistance, to make a diligent search, good cause having been shown therefore, of the following described property, within 10 days of the issuance of this warrant:

Evidence of the crime of RCW 9A.44.100.2A, Indecent Liberties and RCW 26.44.030, Duty and authority to notify to wit;

***SEARCH WARRANT EXECUTION: DATE:*** 09-11-18 ***HOUR:*** 0900 ***BY:*** Luque 4504

**STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF CLARK**

LOCATION/ PERSON TO BE SEARCHED:

1. **11910 NE 154th Street, Vancouver, Clark County, State of Washington:** Further described as a one story, commercial establishment identified as "Daybreak Youth Services", light blue in color, with the main entrance door constructed of glass and facing west. The building is constructed with a metal roof, stone accents on the facade, and is marked with the number "11910" in black numbers on the southwest corner. The search is to include are parts therein of the offices and private rooms used by employees of the facility;

FOR THE FOLLOWING PROPERTY/EVIDENCE:

1. **Electronic equipment, such as computers, computer software,** central processing unit (CPU), internal and peripheral storage devices (such as fixed disks, external hard disks, floppy disk drives and diskettes, tape drives and tapes, zip drives, optical storage devices, video cameras, digital cameras, cell phones, and any other digital memory storage devices), and the contents therein, as well as any devices, mechanisms, or parts that can be used to restrict access to computer hardware (such as physical keys and locks), which may be used to store the following items of evidence;

2. **Records showing the intake, and discharge dates of the involved parties**, specifically [redacted]

3. **Records, documents, scheduling information, payroll ledgers**; whether electronic or physical showing the on duty staff or other witnesses, who were present during the occurrence or reporting thereof the involved incident on or about the month of August 2018;

4. **Documentation confirming the complete name, date of birth, address** and phone number for [redacted]

5. **Internal memos, emails, investigations, and any other documents** whether in electronic or physical form, pertaining to the sexual crime committed against [redacted] by [redacted] on

***SEARCH WARRANT EXECUTION: DATE:*** 08-11-18 ***HOUR:*** 0900 ***BY:*** [illegible]

STATE OF WASHINGTON
IN AND FOR THE COUNTY OF CLARK

or about the date of August 12, 2018. Specifically, but not limited to emails or other forms of communication pertaining to this incident or the knowledge thereof;

6. **Any and all client records, shift notes, and incident reports as stored or entered into "CareLogic" or other reporting system used** pertaining to, naming, or anyway involving [redacted] or the combination thereof. These documents to include the complete un-redacted case file with any and all notes, treatments, medical records, meetings, and staff contact involving the aforementioned parties;

7. **Disciplinary records for the suspect** [redacted] during her residency at Daybreak Youth Services;

8. **Criminal History as provided to Daybreak Youth Services** by any outside agency or other private party pertaining to [redacted] during her admittance to or residency of Daybreak Youth Services;

9. **Documentation, to include policies, procedures, common practice**, and/or training pertaining to the mandatory reporting of incidents to include assaults, sexual assaults, and harassment for youth and other residents of the Daybreak Youth Services facility;

10. **Any and all employee files, documents, investigations, or otherwise stored data for or naming** [redacted] **and** [redacted] Including but not limited to; the complete and un-redacted case file with any and all notes, discipline, termination documents, or other counseling received by [redacted] and [redacted] during employment;

11. **Disciplinary records and investigations for any staff of Daybreak Youth Services** as a result of the failure to act, report or otherwise prevent this incident and any related incidents involving [redacted] and/or [redacted] Specifically including, but not limited to the employee files, employee records, or other stored documents of any employee who received corrective action, termination or other corrective counseling, which would contribute evidence in the crime of RCW 26.44.030, Duty and Authority to Notify;

12. **Computer-related documentation that explains or illustrates how to configure or use the** computer hardware, software, or other related items/devices. The documentation consists of written, recorded, printed, or electronically stored material;

***SEARCH WARRANT EXECUTION: DATE:*** 01-11-18 ***HOUR:*** 0100 ***BY:*** L[illegible] 4504

STATE OF WASHINGTON
IN AND FOR THE COUNTY OF CLARK

13. **Computer-related passwords and other data security devices** designed to restrict access to or hide computer software, documentation, or data. Data security may consist of hardware, software or other programming code;

14. **Digital data and surveillance video that may be kept on any computer related storage device as listed in '1' above.** The specific data will be (or will contain or incorporate) digital video and/or image files depicting evidence of the sexual incident involving [redacted] and [redacted] on our about the date of August 12, 2018, any digital data related to the RCW 9A.44.100.2A, Indecent Liberties, and any digital "user attribution" evidence to include, but not limited to, registry information, configuration files, user profiles, user logins (and the data associated with the foregoing, such as file creation and last accessed dates) that may be evidence of who used, viewed or controlled the computer or storage medium at a relevant time;

15. **Locked containers,** including, but not limited to safes, briefcases, file cabinets and other types of locked boxes; which may be used for containing any of the listed items detailed herein;

16. **Photographs,** of the scene, including still photos, negatives, digital images, digital video, video tapes, slides, films, undeveloped film, and the contents therein, in particular, photographs of evidence collected, victims, witnesses, suspects, and co-conspirators;

AND TO SEIZE THEM IF FOUND and bring them forthwith before the Court according to law.

This Search Warrant was issued this 7th day of September, 2018 at 10:19 am/pm.

By the Honorable [signature]

Judge of the District Court

County of Clark

State of Washington

***SEARCH WARRANT EXECUTION: DATE:*** 09-11-18 ***HOUR:*** 0900 ***BY:*** [signature] 4504

**STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF CLARK**

STATE OF WASHINGTON,
Plaintiff

V.

[redacted]
&
Michael S. Trotter [redacted]
&
Cecilia E. Hubert [redacted]
&
Angela R. Ball [redacted]
&
Annette Arlene Klinefelter [redacted]

Defendant

# SEARCH WARRANT

The people of the State of Washington, to any Sheriff, Police Officer, or Peace Officer in Clark County: Proof by written affidavit, under oath, made in conformity with the State of Washington Criminal Rules for Courts of Limited Jurisdiction, rule 2.3, having been made to me this day by Clark County Sheriff's Office Sergeant Christopher Luque, that there is probable cause for the issuance of a search warrant on the grounds set forth in the State of Washington Criminal Rules for Courts of Limited Jurisdiction, rule 2.3, Section (c).

You are therefore commanded, with the necessary and proper assistance, to make a diligent search, good cause having been shown therefore, of the following described property, within 10 days of the issuance of this warrant:

Evidence of the crime of RCW 9A.42.030, Criminal mistreatment in the second degree, and RCW 26.44.030, Duty and authority to notify to wit;

***SEARCH WARRANT EXECUTION: DATE:*** 09-11-18 ***HOUR:*** 0900 ***BY:*** Luque 4504

**STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF CLARK**

LOCATION/ PERSON TO BE SEARCHED:

1. **11910 NE 154th Street, Vancouver, Clark County, State of Washington:** Further described as a one story, commercial establishment identified as "Daybreak Youth Services", light blue in color, with the main entrance door constructed of glass and facing west. The building is constructed with a metal roof, stone accents on the facade, and is marked with the number "11910" in black numbers on the southwest corner. The search is to include are parts therein of the offices and private rooms used by employees of the facility;

FOR THE FOLLOWING PROPERTY/EVIDENCE:

1. **Electronic equipment, such as computers, computer software,** central processing unit (CPU), internal and peripheral storage devices (such as fixed disks, external hard disks, floppy disk drives and diskettes, tape drives and tapes, zip drives, optical storage devices, video cameras, digital cameras, cell phones, and any other digital memory storage devices), and the contents therein, as well as any devices, mechanisms, or parts that can be used to restrict access to computer hardware (such as physical keys and locks), which may be used to store the following items of evidence;

2. **Records showing the intake, and discharge dates of the involved parties**, specifically [redacted]

3. **Records, documents, scheduling information, payroll ledgers;** whether electronic or physical showing the on duty staff or other witnesses, who were present during the occurrence or reporting thereof the involved incident on or about the month of February 2018 or time of the incident as determined within this investigation;

4. **Documentation confirming the complete name, date of birth, address** and phone number for the involved [redacted]

***SEARCH WARRANT EXECUTION: DATE:*** 05-11-18 ***HOUR:*** 0900 ***BY:*** Lyle 4504

STATE OF WASHINGTON
IN AND FOR THE COUNTY OF CLARK

5. **Internal memos, emails, investigations, and any other documents** whether in electronic or physical form, pertaining to the attempted suicide of the male identified as [redacted] on or about the month of February 2018. Specifically, but not limited to emails or other forms of communication pertaining to this incident or the knowledge thereof;

6. **Any and all client records, shift notes, and incident reports as stored or entered into "CareLogic" or other reporting system used** pertaining to, naming, or anyway involving [redacted] These documents to include the complete un-redacted case file with any and all notes, treatments, medical records, meetings, and staff contact involving the aforementioned party;

7. **Any and all employee files, documents, investigations, or otherwise stored data for or naming** [redacted] Including but not limited to; the complete and un-redacted case file with any and all notes, discipline, termination documents, or other counseling received by [redacted] [redacted] during employment;

8. **Documentation, to include policies, procedures, common practice**, and/or training pertaining to the reporting of incidents to include injuries, self-harm attempts, assumed or claimed injuries of youth and other residents of the Daybreak Youth Services facility;

9. **Computer-related documentation that explains or illustrates how to configure or use** the computer hardware, software, or other related items/devices. The documentation consists of written, recorded, printed, or electronically stored material;

10. **Computer-related passwords and other data security devices** designed to restrict access to or hide computer software, documentation, or data. Data security may consist of hardware, software or other programming code;

11. **Digital data and surveillance video that may be kept on any computer related storage device as listed in '1' above.** The specific data will be (or will contain or incorporate) digital video and/or image files depicting evidence of the self-harm incident involving [redacted] any digital data related to the RCW 9A.42.030, Criminal mistreatment in the second degree, and any digital "user attribution" evidence to include, but not limited to, registry information, configuration files, user profiles, user logins (and the data associated with the foregoing, such as file creation and last accessed dates) that may be evidence of who used, viewed or controlled the computer or storage medium at a relevant time;

***SEARCH WARRANT EXECUTION: DATE:*** 09-11-18 ***HOUR:*** 0900 ***BY:*** [signature] 4504

**STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF CLARK**

12. **Locked containers,** including, but not limited to safes, briefcases, file cabinets and other types of locked boxes; which may be used for containing any of the listed items detailed herein;

13. **Photographs,** of the scene, including still photos, negatives, digital images, digital video, video tapes, slides, films, undeveloped film, and the contents therein, in particular, photographs of evidence collected, victims, witnesses, suspects, and co-conspirators;

**AND TO SEIZE THEM IF FOUND** and bring them forthwith before the Court according to law.

This Search Warrant was issued this 7 day of September, 2018, at 10:24 am/pm.

By the Honorable [signature]
Judge of the District Court
County of Clark
State of Washington

***SEARCH WARRANT EXECUTION: DATE:*** 09-11-18 ***HOUR:*** 0900 ***BY:*** Lyle 4504

**STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF CLARK**

STATE OF WASHINGTON,
Plaintiff

V.

[redacted]
&
Michael S. Trotter DOB 06/17/1976
&
Cecilia E Hubert DOB 09/04/1966
&
[redacted]
&
Angela R. Ball DOB 06/04/1976
&
Annette Arlene Klinefelter DOB 02/17/1975

Defendant

# SEARCH WARRANT

The people of the State of Washington, to any Sheriff, Police Officer, or Peace Officer in Clark County: Proof by written affidavit, under oath, made in conformity with the State of Washington Criminal Rules for Courts of Limited Jurisdiction, rule 2.3, having been made to me this day by Clark County Sheriff's Office Sergeant Christopher Luque, that there is probable cause for the issuance of a search warrant on the grounds set forth in the State of Washington Criminal Rules for Courts of Limited Jurisdiction, rule 2.3, Section (c).

You are therefore commanded, with the necessary and proper assistance, to make a diligent search, good cause having been shown therefore, of the following described property, within 10 days of the issuance of this warrant:

Evidence of the crime of RCW 9A.44.100.2A, Indecent Liberties and RCW 26.44.030, Duty and Authority to Notify to wit;

***SEARCH WARRANT EXECUTION: DATE:*** 09-11-18 ***HOUR:*** 0900 ***BY:*** Luque 4504

**STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF CLARK**

LOCATION/ PERSON TO BE SEARCHED:

1. **11910 NE 154th Street, Vancouver, Clark County, State of Washington:** Further described as a one story, commercial establishment identified as "Daybreak Youth Services", light blue in color, with the main entrance door constructed of glass and facing west. The building is constructed with a metal roof, stone accents on the facade, and is marked with the number "11910" in black numbers on the southwest corner. The search is to include are parts therein of the offices and private rooms used by employees of the facility;

FOR THE FOLLOWING PROPERTY/EVIDENCE:

1. **Electronic equipment, such as computers, computer software,** central processing unit (CPU), internal and peripheral storage devices (such as fixed disks, external hard disks, floppy disk drives and diskettes, tape drives and tapes, zip drives, optical storage devices, video cameras, digital cameras, cell phones, and any other digital memory storage devices), and the contents therein, as well as any devices, mechanisms, or parts that can be used to restrict access to computer hardware (such as physical keys and locks), which may be used to store the following items of evidence;

2. **Records showing the intake, and discharge dates of the involved parties**, specifically [redacted] [redacted];

3. **Records, documents, scheduling information, payroll ledgers;** whether electronic or physical showing the on duty staff or other witnesses, who were present during the occurrence or reporting thereof the involved incident on or about April 10, 2018;

4. **Documentation confirming the complete name, date of birth, address** and phone number for [redacted]

***SEARCH WARRANT EXECUTION: DATE:*** 05-11-18 ***HOUR:*** 0900 ***BY:*** [handwritten signature] 4504

STATE OF WASHINGTON
IN AND FOR THE COUNTY OF CLARK

5. **Internal memos, emails, investigations, and any other documents** whether in electronic or physical form, pertaining to the sexual crime committed against [REDACTED] by [REDACTED] on or about the date of April 10, 2018. Specifically, but not limited to emails sent and received by Annette Klinefelter and Michael Trotter on or about the months of April and May pertaining to [REDACTED]. Additionally including any emails or other items of documentation confirming the knowledge of this incident by any staff members or officers of Daybreak Youth Services;

6. **Any and all client records, shift notes, and incident reports as stored or entered into "CareLogic" or other reporting system used** pertaining to, naming, or anyway involving [REDACTED] [REDACTED] or the combination thereof; this specifically includes an incident report authored by Cicilia Hubert on 04/11/2018. These documents to include the complete un-redacted case file with any and all notes, treatments, medical records, meetings, and staff contact involving the aforementioned parties;

7. **Disciplinary records for the suspect,** [REDACTED] during his residency at Daybreak Youth Services;

8. **Criminal History as provided to Daybreak Youth Services** by any outside agency or other private party pertaining to [REDACTED] during his admittance to or residency of Daybreak Youth Services;

9. **Documentation, to include policies, procedures, common practice,** and/or training pertaining to the mandatory reporting of incidents to include assaults, sexual assaults, and harassment for youth and other residents of the Daybreak Youth Services facility;

10. **Computer-related documentation that explains or illustrates how to configure or use the** computer hardware, software, or other related items/devices. The documentation consists of written, recorded, printed, or electronically stored material;

11. **Computer-related passwords and other data security devices** designed to restrict access to or hide computer software, documentation, or data. Data security may consist of hardware, software or other programming code;

***SEARCH WARRANT EXECUTION: DATE:*** 04-11-18 ***HOUR:*** 0700 ***BY:*** [signature] 4504

**STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF CLARK**

12. **Digital data and surveillance video that may be kept on any computer related storage device as listed in '1' above.** The specific data will be (or will contain or incorporate) digital video and/or image files depicting evidence of the sexual assault incident involving [redacted] and [redacted] [redacted] any digital data related to the RCW 9A.44.100.2A, Indecent Liberties, and any digital "user attribution" evidence to include, but not limited to, registry information, configuration files, user profiles, user logins (and the data associated with the foregoing, such as file creation and last accessed dates) that may be evidence of who used, viewed or controlled the computer or storage medium at a relevant time;

13. **Locked containers,** including, but not limited to safes, briefcases, file cabinets and other types of locked boxes; which may be used for containing any of the listed items detailed herein;

14. **Photographs,** of the scene, including still photos, negatives, digital images, digital video, video tapes, slides, films, undeveloped film, and the contents therein, in particular, photographs of evidence collected, victims, witnesses, suspects, and co-conspirators;

**AND TO SEIZE THEM IF FOUND** and bring them forthwith before the Court according to law.

This Search Warrant was issued this 7th day of September, 20 18, at 10:27 (am)/pm.

By the Honorable [signature]

Judge of the District Court

County of Clark

State of Washington

***SEARCH WARRANT EXECUTION: DATE:*** 09-11-18 ***HOUR:*** 0700 ***BY:*** [signature] 4504

# EXHIBIT C



**CLARK COUNTY SHERIFF'S OFFICE**
707 W 13TH ST
VANCOUVER, WA 98666
(360) 397-2211

## PROPERTY SUBMISSION

| CASE NUMBER | SUPPLEMENT NUMBER |
|---|---|
| REPORTING OFFICER<br>- | REPORT DATE |

## PROPERTY CUSTODY DETAIL

| | | |
|---|---|---|
| SUBMIT DATE | SUBMIT LOCATION 1 | SUBMIT LOCATION 2 |
| CUSTODY REASON | SPECIAL HANDLING | SPECIAL HANDLING COMMENT |
| HOLD UNTIL DATE | HOLD PIN | HOLD NAME |
| HOLD AGENCY | HOLD AGENCY NAME | |
| HOLD COMMENT | | |
| TRANSPORT PIN | TRANSPORT NAME | |

## PROPERTY MASTER DETAIL

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 4 | EVIDENCE | DOCUMENTS | PREA FORMS |

CUSTODY ENTRY NUMBER | MAKE | MODEL
SERIAL NUMBER | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE
NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN
VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME
COMMENT
GUN MAKE | CALIBER | COLOR | CATEGORY

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 5 | EVIDENCE | DOCUMENTS | RESIDENTIAL TREATMENT LICENSE APPLICATION |

CUSTODY ENTRY NUMBER | MAKE | MODEL
SERIAL NUMBER | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE
NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN
VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME
COMMENT
GUN MAKE | CALIBER | COLOR | CATEGORY

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 6 | EVIDENCE | DOCUMENTS | POLICY AND PROCEDURES |

CUSTODY ENTRY NUMBER | MAKE | MODEL
SERIAL NUMBER | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE
NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN
VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME
COMMENT
GUN MAKE | CALIBER | COLOR | CATEGORY

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 7 | EVIDENCE | DOCUMENTS | HEALTHCARE RECORDS |

CUSTODY ENTRY NUMBER | MAKE | MODEL
SERIAL NUMBER | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE
NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN
VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME
COMMENT
GUN MAKE | CALIBER | COLOR | CATEGORY

| PROPERTY SUBMISSION | CLARK COUNTY SHERIFF'S OFFICE | CASE NUMBER | SUP NO |
|---|---|---|---|

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 8 | EVIDENCE | DIGITAL | VIDEO FOOTAGE OF AUGUST 12TH KISSING INCIDENT |

CUSTODY ENTRY NUMBER | MAKE | MODEL
SERIAL NUMBER | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE
NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN
VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME
COMMENT
GUN MAKE | CALIBER | COLOR | CATEGORY

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 9 | EVIDENCE | DOCUMENTS | DAYBREAK GOVERNING BOARD MEETING AGENDA |

CUSTODY ENTRY NUMBER | MAKE | MODEL
SERIAL NUMBER | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE
NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN
VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME
COMMENT
GUN MAKE | CALIBER | COLOR | CATEGORY

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 10 | EVIDENCE | DOCUMENTS | HOUSE BUSINESS MEMO REGARDING THREATS |

CUSTODY ENTRY NUMBER | MAKE | MODEL
SERIAL NUMBER | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE
NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN
VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME
COMMENT
GUN MAKE | CALIBER | COLOR | CATEGORY

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 11 | EVIDENCE | DOCUMENTS | INCIDENT REPORT (L[redacted] P[redacted]) |

CUSTODY ENTRY NUMBER | MAKE | MODEL
SERIAL NUMBER | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE
NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN
VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME
COMMENT
GUN MAKE | CALIBER | COLOR | CATEGORY

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 12 | EVIDENCE | DOCUMENTS | EMAIL, SAFETY ANALYSIS AND RECOMENDATION |

CUSTODY ENTRY NUMBER | MAKE | MODEL
SERIAL NUMBER | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE
NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN
VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME
COMMENT
GUN MAKE | CALIBER | COLOR | CATEGORY

| PROPERTY SUBMISSION | CLARK COUNTY SHERIFF'S OFFICE | CASE NUMBER | SUP NO |
|---|---|---|---|

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 13 | EVIDENCE | DOCUMENTS | GREAT RIVERS INCIDENT REPORT |

CUSTODY ENTRY NUMBER | MAKE | MODEL
SERIAL NUMBER | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE
NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN
VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME
COMMENT
GUN MAKE | CALIBER | COLOR | CATEGORY

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 14 | EVIDENCE | DOCUMENTS | INCIDENT REPORT RISK CODES |

CUSTODY ENTRY NUMBER | MAKE | MODEL
SERIAL NUMBER | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE
NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN
VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME
COMMENT
GUN MAKE | CALIBER | COLOR | CATEGORY

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 15 | EVIDENCE | DOCUMENTS | SUMMARY W/CCSO |

CUSTODY ENTRY NUMBER | MAKE | MODEL
SERIAL NUMBER | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE
NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN
VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME
COMMENT
GUN MAKE | CALIBER | COLOR | CATEGORY

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 16 | EVIDENCE | DOCUMENTS | HANDWRITETEN NOTE (T [redacted] AND J [redacted] JUNE 19TH EVENT) |

CUSTODY ENTRY NUMBER | MAKE | MODEL
SERIAL NUMBER | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE
NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN
VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME
COMMENT
GUN MAKE | CALIBER | COLOR | CATEGORY

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 17 | EVIDENCE | DOCUMENTS | DAILY INCIDENT REPORTS BY MICHAEL TROTTER |

CUSTODY ENTRY NUMBER | MAKE | MODEL
SERIAL NUMBER | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE
NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN
VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME
COMMENT
GUN MAKE | CALIBER | COLOR | CATEGORY

| PROPERTY SUBMISSION | CLARK COUNTY SHERIFF'S OFFICE | CASE NUMBER | SUP NO |
|---|---|---|---|

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 18 | EVIDENCE | DOCUMENTS | CLIENT 15 MIN CHECK SHEET (D[redacted] A[redacted] D[redacted] 5/19-20 |

CUSTODY ENTRY NUMBER | MAKE | MODEL
SERIAL NUMBER | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE
NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN
VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME
COMMENT
GUN MAKE | CALIBER | COLOR | CATEGORY

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 19 | EVIDENCE | DOCUMENTS | MEDICAL STAFF SCHEDULE MAY-AUGUST |

CUSTODY ENTRY NUMBER | MAKE | MODEL
SERIAL NUMBER | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE
NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN
VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME
COMMENT
GUN MAKE | CALIBER | COLOR | CATEGORY

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 20 | EVIDENCE | DOCUMENTS | CRITICAL INCIDENT REVIEW (TROTTER-S[redacted] 8/13/18-8/19/18 |

CUSTODY ENTRY NUMBER | MAKE | MODEL
SERIAL NUMBER | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE
NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN
VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME
COMMENT
GUN MAKE | CALIBER | COLOR | CATEGORY

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 21 | EVIDENCE | DOCUMENTS | SUMMARY OF EVENTS RED JI[redacted] DATED 7/31/18 |

CUSTODY ENTRY NUMBER | MAKE | MODEL
SERIAL NUMBER | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE
NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN
VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME
COMMENT
GUN MAKE | CALIBER | COLOR | CATEGORY

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 22 | EVIDENCE | DOCUMENTS | EMPLOYEE LIST/WORK SCHEDULE 8/12-8/25 |

CUSTODY ENTRY NUMBER | MAKE | MODEL
SERIAL NUMBER | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE
NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN
VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME
COMMENT
GUN MAKE | CALIBER | COLOR | CATEGORY

| PROPERTY SUBMISSION | CLARK COUNTY SHERIFF'S OFFICE | CASE NUMBER | SUP NO |
|---|---|---|---|

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 23 | EVIDENCE | DOCUMENTS | LAW ENF. POLICIES/PROCEDURES JUNE 2018 DRAFT |

CUSTODY ENTRY NUMBER | MAKE | MODEL
SERIAL NUMBER | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE
NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN
VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME
COMMENT
GUN MAKE | CALIBER | COLOR | CATEGORY

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 24 | EVIDENCE | DOCUMENTS | INCIDENT SUMMARY REPORT 11/13/17-6/7/18 |

CUSTODY ENTRY NUMBER | MAKE | MODEL
SERIAL NUMBER | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE
NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN
VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME
COMMENT
GUN MAKE | CALIBER | COLOR | CATEGORY

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 25 | EVIDENCE | DOCUMENTS | SHERIFFS INVESTIGATION MISC. DOCUMENTS |

CUSTODY ENTRY NUMBER | MAKE | MODEL
SERIAL NUMBER | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE
NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN
VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME
COMMENT
GUN MAKE | CALIBER | COLOR | CATEGORY

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 26 | EVIDENCE | DIGITAL | WD MY PASSPORT HD 4TB EXTERNAL HARDRIVE |

CUSTODY ENTRY NUMBER | MAKE | MODEL
SERIAL NUMBER: WX51D389VN25 | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE
NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN
VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME
COMMENT: FOUND IN ROOM 202 BY MCCOLLUM
GUN MAKE | CALIBER | COLOR | CATEGORY

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 27 | EVIDENCE | DIGITAL | 1 TB EXTERNAL HARD DRIVE |

CUSTODY ENTRY NUMBER | MAKE | MODEL
SERIAL NUMBER: 17010718-06 | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE
NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN
VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME
COMMENT: FOUND IN ROOM 203 IN DESK BY F. HARRISON
GUN MAKE | CALIBER | COLOR | CATEGORY

| PROPERTY SUBMISSION | CLARK COUNTY SHERIFF'S OFFICE | CASE NUMBER | SUP NO |
|---|---|---|---|
| | | | |

| Field | Value |
|---|---|
| NUMBER | 28 |
| INVOLVEMENT | EVIDENCE |
| TYPE | DOCUMENTS |
| DESCRIPTION | DAYBREAK POLICIES AND PROCEDURES MANUAL |
| CUSTODY ENTRY NUMBER / MAKE / MODEL | |
| SERIAL NUMBER / QUANTITY / COLOR 1 / COLOR 2 / OAN / CODE | |
| NCIC / VALUE STOLEN / DATE STOLEN / JURISDICTION STOLEN | |
| VALUE RECOVERED / DATE RECOVERED / JURISDICTION RECOVERED / RECOVER LOCATION / RECOVERED BY NAME | |
| COMMENT | FOUND IN ROOM 113 ON BOOKSHELF BY NIEMAN JR |
| GUN MAKE / CALIBER / COLOR / CATEGORY | |

| Field | Value |
|---|---|
| NUMBER | 29 |
| INVOLVEMENT | EVIDENCE |
| TYPE | DOCUMENTS |
| DESCRIPTION | MISC. PAPERWORK |
| CUSTODY ENTRY NUMBER / MAKE / MODEL | |
| SERIAL NUMBER / QUANTITY / COLOR 1 / COLOR 2 / OAN / CODE | |
| NCIC / VALUE STOLEN / DATE STOLEN / JURISDICTION STOLEN | |
| VALUE RECOVERED / DATE RECOVERED / JURISDICTION RECOVERED / RECOVER LOCATION / RECOVERED BY NAME | |
| COMMENT | FOUND THROUGHOUT ROOM 113 BY NIEMAN JR |
| GUN MAKE / CALIBER / COLOR / CATEGORY | |

| Field | Value |
|---|---|
| NUMBER | 30 |
| INVOLVEMENT | EVIDENCE |
| TYPE | DIGITAL |
| DESCRIPTION | ORANGE/WHITE LEXAR 8GB THUMBDRIVE |
| CUSTODY ENTRY NUMBER / MAKE / MODEL | |
| SERIAL NUMBER / QUANTITY / COLOR 1 / COLOR 2 / OAN / CODE | |
| NCIC / VALUE STOLEN / DATE STOLEN / JURISDICTION STOLEN | |
| VALUE RECOVERED / DATE RECOVERED / JURISDICTION RECOVERED / RECOVER LOCATION / RECOVERED BY NAME | |
| COMMENT | FOUND IN ROOM 207 ATTACHED TO DESKTOP BY MCCOLLOM |
| GUN MAKE / CALIBER / COLOR / CATEGORY | |

| Field | Value |
|---|---|
| NUMBER | 31 |
| INVOLVEMENT | EVIDENCE |
| TYPE | DIGITAL |
| DESCRIPTION | BLUE 16GB THUMBDRIVE |
| CUSTODY ENTRY NUMBER / MAKE / MODEL | |
| SERIAL NUMBER / QUANTITY / COLOR 1 / COLOR 2 / OAN / CODE | |
| NCIC / VALUE STOLEN / DATE STOLEN / JURISDICTION STOLEN | |
| VALUE RECOVERED / DATE RECOVERED / JURISDICTION RECOVERED / RECOVER LOCATION / RECOVERED BY NAME | |
| COMMENT | FOUND IN ROOM 113 ATTACHED TO DESKTOP |
| GUN MAKE / CALIBER / COLOR / CATEGORY | |

| Field | Value |
|---|---|
| NUMBER | 32 |
| INVOLVEMENT | EVIDENCE |
| TYPE | DOCUMENTS |
| DESCRIPTION | MISC. MEDICAL PAPERWORK (J[redacted]E.) |
| CUSTODY ENTRY NUMBER / MAKE / MODEL | |
| SERIAL NUMBER / QUANTITY / COLOR 1 / COLOR 2 / OAN / CODE | |
| NCIC / VALUE STOLEN / DATE STOLEN / JURISDICTION STOLEN | |
| VALUE RECOVERED / DATE RECOVERED / JURISDICTION RECOVERED / RECOVER LOCATION / RECOVERED BY NAME | |
| COMMENT | FOUND IN ROOM 131 IN FILLING CABINET BY NEIMAN JR. |
| GUN MAKE / CALIBER / COLOR / CATEGORY | |

| PROPERTY SUBMISSION | CLARK COUNTY SHERIFF'S OFFICE | CASE NUMBER | SUP NO |
|---|---|---|---|

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION | COMMENT |
|---|---|---|---|---|
| 33 | EVIDENCE | DOCUMENTS | SIGNED ADMONISHMENTS | COLLECTED BY SCHULTZ. |
| 34 | EVIDENCE | DOCUMENTS | WEEKLY CRITICAL INCIDENT REPORTS | FOUND IN ROOM 212 INSIDE SHREDDER BIN BY T. YOUNG. |
| 35 | EVIDENCE | DOCUMENTS | MONTHLY CRITICAL INCIDENT AGENDA (AUGUST) | FOUND IN ROOM 212 IN SHREDDER BIN BY T. YOUNG. |
| 36 | EVIDENCE | DOCUMENTS | HAND WRITTEN NOTE ON YELLOW PAPER (REGARDING SEXUAL CO | FOUND IN ROOM 212 IN SHREDDER BIN BY T. YOUNG. |
| 37 | EVIDENCE | DOCUMENTS | SEXUAL ASSAULT WAC | FOUND IN ROOM 212 IN RIGHT UPPER DESK DRAWER BY T. YOUNG. |

Fields left blank for each item: CUSTODY ENTRY NUMBER, MAKE, MODEL, SERIAL NUMBER, QUANTITY, COLOR 1, COLOR 2, OAN, CODE, NCIC, VALUE STOLEN, DATE STOLEN, JURISDICTION STOLEN, VALUE RECOVERED, DATE RECOVERED, JURISDICTION RECOVERED, RECOVER LOCATION, RECOVERED BY NAME, GUN MAKE, CALIBER, COLOR, CATEGORY

| PROPERTY SUBMISSION | CLARK COUNTY SHERIFF'S OFFICE | CASE NUMBER | SUP NO |
|---|---|---|---|

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION | COMMENT |
|---|---|---|---|---|
| 38 | EVIDENCE | DOCUMENTS | PARENT ADMISSION INFORMATION | FOUND IN ROOM 212 IN BOTTOM RIGHT DESK DRAWER BY T. YOUNG. |
| 39 | EVIDENCE | DOCUMENTS | COUNSELING CONTRACT | FOUND IN ROOM 212 IN BOTTOM RIGHT DESK DRAWER BY T. YOUNG. |
| 40 | EVIDENCE | DOCUMENTS | WAC REVIEW TOOL | FOUND IN ROOM 212 IN BOTTOM RIGHT DESK DRAWER BY T. YOUNG. |
| 41 | EVIDENCE | DOCUMENTS | RELIAS LEARNING ONLING TRAINING DOCUMENTS | FOUND IN ROOM 212 IN BOTTOM RIGHT DESK DRAWER BY T. YOUNG. |
| 42 | EVIDENCE | DOCUMENTS | L[redacted] L[redacted] PERSONNEL FILE | FOUND IN ROOM 212 IN CORNER FILE CABINET BY STEVENS |

Each item also has blank fields: CUSTODY ENTRY NUMBER, MAKE, MODEL, SERIAL NUMBER, QUANTITY, COLOR 1, COLOR 2, OAN, CODE, NCIC, VALUE STOLEN, DATE STOLEN, JURISDICTION STOLEN, VALUE RECOVERED, DATE RECOVERED, JURISDICTION RECOVERED, RECOVER LOCATION, RECOVERED BY NAME, GUN MAKE, CALIBER, COLOR, CATEGORY

| PROPERTY SUBMISSION | CLARK COUNTY SHERIFF'S OFFICE | CASE NUMBER | SUP NO |
|---|---|---|---|

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 43 | EVIDENCE | DOCUMENTS | COPY OF EMPLOYEE HANDBOOK |

CUSTODY ENTRY NUMBER | MAKE | MODEL
SERIAL NUMBER | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE
NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN
VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME

COMMENT: FOUND IN ROOM 212 IN CORNER FILE CABINET BY STEVENS

GUN MAKE | CALIBER | COLOR | CATEGORY

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 44 | EVIDENCE | DOCUMENTS | RUNNING INCIDENT LOG |

CUSTODY ENTRY NUMBER | MAKE | MODEL
SERIAL NUMBER | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE
NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN
VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME

COMMENT: FOUND IN ROOM 212 IN CORNER FILE CABINET BY STEVENS

GUN MAKE | CALIBER | COLOR | CATEGORY

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 45 | EVIDENCE | DOCUMENTS | DETAILED EMPLOYEE HOURS |

CUSTODY ENTRY NUMBER | MAKE | MODEL
SERIAL NUMBER | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE
NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN
VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME

COMMENT: FOUND IN ROOM 212 IN CORNER FILE CABINET BY STEVENS

GUN MAKE | CALIBER | COLOR | CATEGORY

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 46 | EVIDENCE | COMPUTER | LENOVO IDEA PAD FLEX 4 |

CUSTODY ENTRY NUMBER | MAKE | MODEL
SERIAL NUMBER: MP 13JSTW | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE
NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN
VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME

COMMENT: FOUND IN ROOM 113 BY CHRIS PROTHERO

GUN MAKE | CALIBER | COLOR | CATEGORY

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 47 | EVIDENCE | COMPUTER | LENOVO IDEA CENTER |

CUSTODY ENTRY NUMBER | MAKE | MODEL
SERIAL NUMBER: US 00224861 | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE
NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN
VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME

COMMENT: FOUND IN ROOM 131 BY MCCOLLOM

GUN MAKE | CALIBER | COLOR | CATEGORY

| PROPERTY SUBMISSION | CLARK COUNTY SHERIFF'S OFFICE | CASE NUMBER | SUP NO |
|---|---|---|---|

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 48 | EVIDENCE | COMPUTER | DELL DESKTOP OPTPLEX 7010 |

| CUSTODY ENTRY NUMBER | MAKE | MODEL |
|---|---|---|
| | | |

| SERIAL NUMBER | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE |
|---|---|---|---|---|---|
| 42966081365 | | | | | |

| NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN |
|---|---|---|---|
| | | | |

| VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME |
|---|---|---|---|---|
| | | | | |

COMMENT
FOUND IN ROOM 113 BY MCCOLLOM.

| GUN MAKE | CALIBER | COLOR | CATEGORY |
|---|---|---|---|
| | | | |

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 49 | EVIDENCE | COMPUTER | LENOVO LAPTOP B-50 30TOUCH |

| CUSTODY ENTRY NUMBER | MAKE | MODEL |
|---|---|---|
| | | |

| SERIAL NUMBER | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE |
|---|---|---|---|---|---|
| CB33498004 | | | | | |

| NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN |
|---|---|---|---|
| | | | |

| VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME |
|---|---|---|---|---|
| | | | | |

COMMENT
FOUND IN ROOM 131 BY ERIC THOMAS

| GUN MAKE | CALIBER | COLOR | CATEGORY |
|---|---|---|---|
| | | | |

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 50 | EVIDENCE | COMPUTER | DELL LAPTOP INSPIRON 15 |

| CUSTODY ENTRY NUMBER | MAKE | MODEL |
|---|---|---|
| | | |

| SERIAL NUMBER | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE |
|---|---|---|---|---|---|
| 35903290934 | | | | | |

| NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN |
|---|---|---|---|
| | | | |

| VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME |
|---|---|---|---|---|
| | | | | |

COMMENT
FOUND IN ROOM 203 BY ERIC THOMAS

| GUN MAKE | CALIBER | COLOR | CATEGORY |
|---|---|---|---|
| | | | |



**CLARK COUNTY SHERIFF'S OFFICE**
707 W 13TH ST
VANCOUVER, WA 98666
(360) 397-2211

## PROPERTY SUBMISSION

| CASE NUMBER | SUPPLEMENT NUMBER |
|---|---|
| REPORTING OFFICER<br>- | REPORT DATE |

## PROPERTY CUSTODY DETAIL

| SUBMIT DATE | SUBMIT LOCATION 1 | SUBMIT LOCATION 2 |
|---|---|---|
| CUSTODY REASON | SPECIAL HANDLING | SPECIAL HANDLING COMMENT |
| HOLD UNTIL DATE | HOLD PIN | HOLD NAME |
| HOLD AGENCY | HOLD AGENCY NAME | |
| HOLD COMMENT | | |
| TRANSPORT PIN | TRANSPORT NAME | |

## PROPERTY MASTER DETAIL

| NUMBER | INVOLVEMENT | TYPE | DESCRIPTION |
|---|---|---|---|
| 51 | EVIDENCE | COMPUTER | MAC BOOK AIR A1370 |

| CUSTODY ENTRY NUMBER | MAKE | MODEL | | | |
|---|---|---|---|---|---|
| SERIAL NUMBER<br>C02G42DEDJYD | QUANTITY | COLOR 1 | COLOR 2 | OAN | CODE |
| NCIC | VALUE STOLEN | DATE STOLEN | JURISDICTION STOLEN | | |
| VALUE RECOVERED | DATE RECOVERED | JURISDICTION RECOVERED | RECOVER LOCATION | RECOVERED BY NAME | |
| COMMENT<br>FOUND IN ROOM 207 BY MCCOLLOM | | | | | |
| GUN MAKE | CALIBER | COLOR | CATEGORY | | |